UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TIMOTHY JON ELGIN,**<br><br>      Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>      Defendant. | **MEMORADUM DECISION AND ORDER DENYING AND DISMISSING PETITION UNDER 28 U.S.C. § 2255**<br><br>Case No. 2:22CV0576 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Timothy Jon Elgin's Petition Under 28 U.S.C. § 2255 petition for ineffective assistance of counsel. The court dismisses Defendant's Petition.

On February 11, 2020, Defendant entered a guilty plea and signed a Statement in Advance of Plea. On June 29, 2020, this court sentenced Defendant to 240 months imprisonment. On that same day, a Judgment in a Criminal Case was entered.[1] Defendant did not appeal, and therefore his Judgment became final fourteen days later,[2] on July 13, 2020. The one-year statute of limitations expired one year later, on July 13, 2021. Defendant has been time-barred from filing a § 2255 petition since that date.

Almost seven months after the statute of limitations expired, on February 10, 2022, Defendant filed a Motion for Extension of Time to file a § 2255 petition, arguing that he was entitled to equitable tolling of the statute of limitations. The court denied the motion on February

---

[1] 2:20CR00048 DAK, ECF No. 26.

[2] See Fed. R. App. P. 4 (b)(1)(A)(i). In the court's previous order on the motion for an extension of time, the court mistakenly noted that Defendant had thirty days—instead of fourteen days—to appeal.

16, 2022.[3]  Nevertheless, on September 6, 2022, over six months after having been denied an extension of time based on equitable tolling, Defendant filed the instant petition.

Defendant has been time-barred from filing a § 2255 petition for well over a year, and the court again finds that Defendant is not entitled to equitable tolling. Defendant's Petition Under 28 U.S.C. § 2255 for ineffective assistance of counsel is DENIED and DISMISSED, and the court declines to issue a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right.[4]

DATED this 14th day of September, 2022.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] 2:20CR00048 DAK, ECF No. 31.
[4] See 28 U.S.C. § 2253(c)(2).